UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERMAIN MARTINEZ GARCIA,

    Petitioner,

v.                                    Case No.:  2:25-cv-01158-SPC-NPM

PAMELA BONDI *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Germain Martinez Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Martinez Garcia's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Martinez Garcia is a native and citizen of Mexico.  He entered the United States without inspection in May 1996.  The Department of Homeland Security ("DHS") commenced removal proceedings against him on November 18, 2025. Immigration and Customs Enforcement ("ICE") arrested Martinez Garcia on November 19, 2025, and detained him at Glades County Detention Facility.  At a master calendar hearing on December 9, 2025, an immigration judge found he lacked authority to consider release on bond, citing 8 U.S.C. § 1225(b)(2) and *Matter of Yajure Hurtado*.  Martinez Garcia argues he is entitled to an individualized bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Martinez Garcia. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Martinez Garcia asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Martinez Garcia's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Martinez Garcia has a

right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Martinez Garcia before an immigration judge for a bond hearing or release him. The respondents raise a concern about an order directing a bond hearing because the agency that conducts bond hearings for immigration detainees—the Executive Office for Immigration Review ("EOIR")—is not a party to this action. The respondents claim they cannot direct the EOIR to conduct a bond hearing. The Court is skeptical of that claim because the EOIR is an office of the Department of Justice, which is headed by respondent Pamela Bondi. Regardless, subjecting Martinez Garcia to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Martinez Garcia receives the process he is entitled to under § 1226(a), they must release him.

Accordingly, it is hereby

**ORDERED**:

Germain Martinez Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) On of before **January 2, 2026**, the respondents shall either (1) bring Martinez Garcia for an individualized bond hearing before an immigration judge or (2) release Martinez Garcia under reasonable conditions of supervision. If the respondents release Martinez Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1